UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: MENTOR CORP. OBTAPE TRANSOBTURATOR SLING PRODUCTS LIABILITY LITIGATION | Civil Action No. 09-3073 (JAP)<br><br>REPORT AND RECOMMENDATION |

**BONGIOVANNI, Magistrate Judge**

  This matter comes before the Court upon the Motion of Plaintiffs for an Order transferring third-party Ethicon Inc.'s ("Ethicon") Motion to Quash to the Middle District of Georgia [Docket Entry No. 3]. The Court has fully reviewed and considered all of the papers submitted in support of and in opposition to Plaintiffs' Motion. The Court considers Plaintiffs' Motion without oral argument pursuant to FED.R.CIV.P. 78. For the reasons set forth more fully below, the Court recommends that Plaintiffs' Motion be GRANTED.

**I. Background**

  Mentor Corp.'s ObTape Transobturator Sling Products Liability Litigation ("Obtape Litigation") involves forty-four product liability claims against Mentor Corp. alleging defects in Mentor's ObTape Transobturator Sling product, a polypropylene mesh used to treat stress urinary incontinence in females ("ObTape"). ObTape was manufactured and sold by Mentor Corp. between 2003 and 2006.

  In October 2008, Mentor Corp. moved to transfer twenty-two cases involving ObTape pending in various District Courts into a multidistrict litigation ("MDL") in a single court. The Judicial Panel on Multidistrict Litigation ("JPML") chose Honorable Clay D. Land, U.S.D.J., of the Middle District of Georgia to preside over the case because Judge Land was already handling the earliest-filed cases involving ObTape and they had progressed further than the other ObTape

cases at that time. *See* Transfer Order dated Dec. 3, 2008, *In Re Mentor Corp. ObTape Transobturator Sling Products Liability Litigation*, 4:08-md-2004 (M.D. Ga).

Currently, the Obtape Litigation involves forty-four constituent actions and some eighty-seven plaintiffs. These plaintiffs have suffered numerous and significant injuries attributed to ObTape, to which Mentor, Inc. has raised a number of affirmative defenses. On May 18, 2009, with the goal of defeating these affirmative defenses, Plaintiffs served a third-party subpoena on Ethicon, Inc. requiring the company to designate one or more people to testify about Gynecare TVT Prolene Mesh ("TVT") and to produce documents related to TVT. Plaintiffs seek this information from Ethicon, Inc. because TVT is widely regarded as the "gold standard" polypropylene mesh used to treat stress urinary incontinence. Additionally, TVT is substantially equivalent in material, function, performance and design to ObTape.

Ethicon, Inc. filed a Motion to Quash under Federal Rule of Civil Procedure 45(c)(3)(A) based on the lack of relevance of TVT to the ObTape litigation, the burden on Ethicon to comply, and the fact that the subpoena seeks expert testimony and confidential trade secret information from Ethicon [Docket Entry No. 1]. Plaintiffs currently argue that Ethicon, Inc.'s Motion To Quash should be transferred to the Middle District of Georgia because Judge Land is best able to assess the relevance of the materials and the testimony sought by the subpoena [Docket Entry Nos. 3]. Ethicon, Inc., opposes transfer and argues that the Motion to Quash should be heard by the Court which has issued the subpoena, in this case the District of New Jersey [Docket Entry No. 10].

II.     Analysis

Federal Rule of Civil Procedure 45 governs the issuance, service, and enforcement of

subpoenas as well as the procedures for objecting to them. Fed. R. Civ. P. 45.  Generally, "any disputes that arise over the subpoena of a nonparty are decided by the court that issued the subpoena." *United States ex rel. Pogue v. Diabetes Treatment Ctrs. Of Am., Inc.*, 333 F.3d 462, 468 (6th Cir. 2006); Fed. R. Civ. P. 45(c)(2)(B).  Likewise, "the power to quash or modify the subpoena . . . resides with the issuing court." *Id.*; Fed. R. Civ. P. 45(c)(3)(A).  Here, the issuing court is the District of New Jersey.  In MDL cases, however, MDL transferee courts have the authority to hear pretrial proceedings. 28 U.S.C. §1407(b).  According to the language of 28 U.S.C. §1407(b), "coordinated or consolidated pretrial proceedings shall be conducted by a judge or judges to whom such actions are assigned by the judicial panel on multidistrict litigation." *Id*. The statute also makes clear that the phrase 'pretrial proceedings' includes "conducting pretrial depositions in such coordinated or consolidated pretrial proceedings." *Id*.  The stated purpose of coordinating pretrial proceedings in MDL proceedings is to "promote the just and efficient conduct of such actions." *Id*.  Thus, section 1407(b) suggests that the District Court of the Middle District of Georgia should handle the underlying Motion to Quash currently before the Court.

Plaintiff's transfer request presents an apparent conflict between Fed. R. Civ. P. 45 and 28 U.S.C. §1407(b). Neither party has cited, and this Court has not found, binding precedent on the issue.  However, most courts which have addressed this issue have concluded that section 1407(b) empowers an MDL transferee court to exercise the powers of any other district court, including the enforcement of subpoenas.  S*ee, e.g., United States ex rel. Pogue v. Diabetes Treatment Centers of America, Inc.,* 238 F.Supp.2d 270, 274-75 (D.D.C.2002) (concluding that the grant of power under section 1407(b) includes the authority to enforce subpoenas issued in another district); *In Re Sunrise Securities Litig.,* 130 F.R.D. 560, 586 (E.D.Pa.1989) (same).

Also, there has been support for the proposition that, in the MDL context, a subpoena issuing district has the authority to transfer nonparty discovery disputes, including motions to quash, to the MDL transferee court. *See, e.g., In Re Welding Rod Products Liability Litigation*, 406 F.Supp. 2d 1064, 1067 (N. D. Cal. 2005) (holding that the transfer of a nonparty motion to quash subpoena to court presiding over the underlying MDL was proper); *In the Matter of Orthopedic Bone Screw Products Liability Litig.,* 79 F.3d 46 (7th Cir.1996) (finding that transfer of non-party dispute over deposition subpoena could properly be transferred to the MDL-transferee court in another district); *In Re Subpoenas Served on Wilmer, Cutler & Pickering and Goodwin Proctor LLP,* 255 F. Supp.2d 1 (D.D.C.2003) (referring a non-party discovery dispute over a subpoena duces tecum to the MDL-transferee court in New Hampshire in the interests of coordinating pretrial matters before a single judge).

In the instant case, Ethicon has offered no valid reasons why this court is in any better position to rule on the pending motion to quash. Indeed, Ethicon asserts that any court familiar with the Federal Rules of Civil Procedure would be able to handle this motion to quash. Ethicon's main argument against transferring the Motion to another Court lies in the title heading of Rule 45(c): "Protecting a Person Subject to a Subpoena.." Fed R. Civ. P. 45.  Ethicon asserts that Rule 45's requirement that motions to quash filed by nonparties be heard by the court who issues the subpoena is to serve the convenience of the person subject to the subpoena.  For this reason, Ethicon further asserts that it would be overly burdensome for them to have to travel to Georgia in order to litigate its trade secrets and other claims. However, this Court is not convinced that transferring the Motion to Quash to the underlying MDL transferee Court would represent an undue burden on the parties, as it "does not require anyone to travel; lawyers can

send the motions . . . on paper, and the *Manual for Complex Litigation* suggests that the judge hear argument by telephone to curtail travel costs." *Matter of Orthopedic Bone Screw Products Liability Litigation*, 79 F.3d 46, 48 (7th Cir. 1996).

Under the circumstances presented here, this Court is persuaded that referring the instant dispute to the Middle District of Georgia will best serve the interests of justice, judicial efficiency, and consistency underlying the MDL rules. As the Judge already assigned to the matter, Judge Land is readily familiar with the underlying issues of the case and will be in a better position to rule on this Motion to Quash..

### III.   Conclusion

For the reasons set forth above, the Court recommends that Plaintiffs' Motion to Transfer be granted.

IT IS therefore on this 6th day of October, 2009,

RECOMMENDED that Plaintiffs' Motion to Transfer [Docket Entry No. 3] be granted; and it is further

RECOMMENDED that Mentor Corp.'s Motion to Transfer [Docket Entry No. 2], which is substantially similar to Plaintiffs' Motion to Transfer be granted; and it is further

ORDERED that pursuant to L.Civ. R. 72.1(c)(2) and Fed. R. Civ. P. 72(b), within ten (10) days after being served with a copy of this Report and Recommendation, any party may serve and file specific written objections to the proposed findings and recommendations.  A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

Respectfully submitted,

    s/ Tonianne J. Bongiovanni
**TONIANNE J. BONGIOVANNI**
**UNITED STATES MAGISTRATE JUDGE**